UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
(Rural Development)
      Plaintiff

        v.

JOSÉ BANUCHI RODRÍGUEZ a/k/a
JOSÉ L. BANUCHI RODRÍGUEZ
      Defendant

CIVIL NO. 07-1424 (SEC)

FORECLOSURE OF MORTGAGE



### JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon defendant JOSE BANUCHI RODRÍGUEZ, for failure to answer or otherwise plead in this case, against which defendant the plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1.    On August 15, 1984, original borrowers herein subscribed a Mortgage Note for the principal amount of $37,000.00 with interest at the rate of 10.75% per annum.

2.    Said Mortgage Note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

3.    For the purpose of securing the payment of said Mortgage Note:

a) A first mortgage was constituted in the amount of $37,000.00, with interest rate of 10.75% per annum was constituted by original borrowers JUAN HERNANDEZ CORTES and NELIDA TORRES CARDONA in favor of plaintiff and under the terms and conditions stipulated and agreed therein, through Deed Number 108, dated

United States v. Jose Banuchi Rodriguez
Civil No. 07-1424(SEC)
Page 2

August 15, 1984 before the Notary Public Ramón H. Banuchi-Eurite. Said mortgage, was duly recorded at the corresponding section of the Property Registry.

b) On October 15, 1987 VIRGINIA GONZALEZ GONZALEZ assumed the first Mortgage Note for the amount of $38,974.97 with interest at the rate of 9.50% per annum. Said Assumption Agreement was constituted by Deed Number 246 dated October 15, 1987, before Notary Public Ramón H. Banuchi-Eurite.

c) On December 20, 1990, the defendant assumed for first Mortgage Deed for the amount of $38,470.96 with at the rate of 9.0% per annum. Said Assumption Agreement was constituted by Deed Number 273 dated December 20, 1990, before Notary Public Ramón H. Banuchi Eurite, and duly recorded at the corresponding section of the Registry of the Property.

d) The second Mortgage Note in the amount of $1,400.00 with interest rate of 9.0% per annum, was constituted by the defendant in favor of plaintiff. For the purpose of securing the payment of said Mortgage Note a second mortgage was constituted for the same amount and under the terms and conditions stipulated and agreed therein, through Deed Number 274 dated December 20, 1990, before Notary Public Ramón H. Banuchi Eurite, and duly recorded at the corresponding section of the Property Registry:

> URBANA: Parcela de terreno radicada en el Barrio Bejucos en la Urbanización Costa Brava del término municipal de Isabela, Puerto Rico, e identificada en el Plano de Inscripción de la Urbanización Costa Brava con el número Setenta y Seis (76) del Bloque "E", con una cabida

United States v. Jose Banuchi Rodriguez
Civil No. 07-1424(SEC)
Page 3

superficial de Trescientos Ocho
punto Cero Cero metros cuadrados
(308.00) en lindes por EL NORTE en
Catorce punto cero cero metros con
el Lote número sesenta y siete del
mismo bloque "E"; por el SUR, en
Catorce punto cero cero metros con
la Calle número trece de la
Urbanización; por el ESTE, en
veintidos punto cero cero metros con
el Lote número setenta y siete del
mismo bloque "E"; y por el OESTE, en
veintidos punto cero cero metros con
el Lote número setenta y cinco del
mismo Bloque "E".

Enclava una case de hormigón armado
y bloques de concreto, de una sola
planta diseñada para fines
residenciales y construída de
acuerdo con los planos y
especificaciónes de la
Administración Federal de Hogares
para Agricultores y la Junta de
Planificación de Puerto Rico.

Plaintiff's first mortgage is recorded at  folio 272, volume 296 of Isabela, property number 15,458, 1st inscription, at the Registry of the Property of Aguadilla, Puerto Rico.

Plaintiff's second mortgage is recorded at  folio 275, volume 296 of Isabela, property number 15,458, 4th inscription, at the Registry of the Property of Aguadilla, Puerto Rico.

4. The defendant herein owner of record of this property has failed to comply with the terms and conditions of the mortgage contract and has refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under

United States v. Jose Banuchi Rodriguez
Civil No. 07-1424(SEC)
Page 4

the note, and said default is not made good prior to the due date
of the next installment, the entire principal sum and accrued
interest shall at once become due and payable at the option of the
holder.

6. The defendant's indebtedness with the plaintiff is:

1) On the first mortgage note:

a) $43,883.19 of aggregate principal;

b) $8,450.91 of interest accrued as of November 9, 2004
and thereafter until its full and total payment, which interest
amount increases at the daily accrual rate of $10.82;

c) $16,335.63 of Subsidy Recapture;

d) Plus insurance premium, taxes, advances, late charges,
costs, court costs, disbursements and attorneys fees guaranteed
under the mortgage obligation.

2) On the second mortgage note:

a) $1,501.48 of aggregate principal;

b) $289.22 of interest accrued as of November 9, 2004 and
thereafter until its full and total payment, which interest amount
increases at the daily accrual rate of $.37;

c) $629.20 of Subsidy Recapture;

d) Plus insurance premium, taxes, advances, late charges,
costs, court costs, disbursements and attorneys fees guaranteed
under the mortgage obligation.

7. Defendant, as debtor of the amounts prayed for in the
complaint, is hereby ORDERED AND ADJUDGED to pay unto the plaintiff
the amounts specified and set forth in the preceding paragraph 6.

United States v. Jose Banuchi Rodriguez
Civil No. 07-1424(SEC)
Page 5

8. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

9. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks.  The amount of $38,662.96 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical

United States v. Jose Banuchi Rodriguez
Civil No. 07-1424(SEC)
Page 6

possession, in accordance with law.   Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

10. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon said sale;

b) To the payments of that part of the indebtedness owed to the plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendant and shall have execution therefor.

11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall

United States v. Jose Banuchi Rodriguez
Civil No. 07-1424(SEC)
Page 7


proceed to issue of course all necessary writs to enforce and execute the same.  Fed.R.Civ.P. 77(a).

In San Juan, Puerto Rico, this *19* day of *JULY*  , 2007.



UNITED STATES DISTRICT JUDGE